

**U.S. Department of Justice**

United States Attorney
Eastern District of New York

DSS:KKO/DMP
F.#2007R00761

271 Cadman Plaza East

Brooklyn, New York  11201

November 30, 2011

By Hand and ECF

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Courtney Beckford, et al.
         Criminal Docket No. 09-525 (S-1)(DLI)

Dear Judge Irizarry:

    The government respectfully submits this letter in response to defendant Malachi Burris's motion, dated November 21, 2011, for suppression of pre-trial and trial identifications of Malachi Burris by eyewitnesses, or in the alternative for further disclosures and a hearing regarding identification procedures. For the reasons set forth below, defendant Malachi Burris's motion should be denied in its entirety.

A.    <u>The Government Has Made Sufficient Disclosures Regarding Its Pre-trial Identification Procedures</u>

    On October 28, 2011, the government disclosed the procedures used to secure pretrial identifications of defendants Malachi Burris and Courtney Beckford, including blank copies of photographic arrays. (Docket no. 290).  In response to requests from counsel for these defendants, on November 21, 2011, the government provided copies of actual photographic arrays presented to witnesses from which the government redacted all information except for the line drawn around the photographs of Malachi Burris and Courtney Beckford and the nicknames of the defendants written on the arrays by the witnesses.  On the same date, the government informed counsel for Malachi Burris and Courtney Beckford that the identifications took place in the latter part of 2009.  The government declined, however, to provide copies of the same arrays showing the witnesses' initials or the dates of their identifications.

The defense is simply not entitled at this time to unredacted versions of the photographic arrays that show the witnesses' initials. Such discovery is tantamount to early discovery of the identity of the government's witness list. Rule 16 does not require the government to furnish the names of its witnesses and the government opposes such a request at this time. See United States v. Bejasa, 904 F.2d 137, 139 (2d Cir. 1990). The government will provide a witness list to the defense in advance of trial pursuant to the Court's scheduling order.

B. <u>The Pretrial Identifications Should Be Available, If Needed, at Trial</u>

The government anticipates that its witnesses will be able to identify defendants Malachi Burris and Courtney Beckford in court without any reference to their respective pretrial identifications. However, in the event that a witness is unable to do so, the government intends to admit the witness's pretrial identification and/or use it to refresh the witness's recollection. The photographic arrays that include Malachi Burris and Courtney Beckford are not unduly suggestive and therefore should be available to the government to use at trial.

In determining whether a photographic array is unduly suggestive, courts must consider "the size of the array, the manner of presentation by the officers, and the array's contents." United States v. Gonzalez, 2011 WL 766580, *2 (E.D.N.Y. Feb. 25, 2011)(Johnson, J.)(quoting United States v. Maldonado-Rivera, 922 F.2d 934, 974 (2d Cir. 1990)). Further, a photographic array only violates a defendant's due process rights where the "photographic identification procedures were 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" United States v. Douglas, 525 F.3d 225, 242 (2d Cir. 2008) (quoting United States v. Simmons, 390 U.S. 377, 384 (1968)).

Malachi Burris argues that his photograph in the photospread is <u>prima facie</u> suggestive because there are flashes of light on his forehead that do not appear on the other photographs in the spread. The government submits that upon visual inspection of the photographic array, the Court will be satisfied that the photograph of Malachi Burris did not "so st[an]d out from all of the other photographs as to suggest to an identifying witness that [he] was more likely to be the culprit." Jarrett v. Headley, 802 F.2d 34, 41 (2d Cir. 1986). Other courts have similarly found that difference in lighting conditions or color does not make a photographic array unduly suggestive. See United States v. Bubar, 567 F.2d 192, 198-99 (2d Cir. 1977)(photo array not impermissibly suggestive despite defendant's argument that the "focus and contrasts were sharper in his photograph;

that a narrow strip of light not in the other photographs ran across the field above his head; and that his hair was long and darker, his moustache darker and bushier, than those of the other individuals depicted"); see also United States v. Bautista, 23 F.3d 726, 731 (2d Cir. 1994) (affirming lower court's conclusion that a photo array in which the defendant's photo was "slightly brighter and slightly more close-up" than the other five photos in the array was not unduly suggestive); United States v. Estupinan-Jamarillo, No. 08 CR 320, 2009 WL 3049618, at *2 (S.D.N.Y. Sept. 23, 2009) (photo array not unduly suggestive even when the defendant's photo was the only one with a white background because of the "overarching similarities among those pictured, such as their skin tone, apparent ethnicity, and apparent age"); United States v. Zadiriyev, No. 08 CR 1327, 2009 WL 1787922, at *3 (S.D.N.Y. June 23, 2009) ("given that the individuals themselves all resemble one another, the heterogeneity in the coloring and lighting of the photographs is such that the tint of the Defendant's photograph does not cause it to stand out from the others"). Accordingly, the photo array with Malachi Burris was not unduly suggestive.

The case on which Burris relies, Simmons v. United States, 390 U.S. 377 (1968), is inapposite. In that case, bank employees who had witnessed a bank robbery were shown at least six photographs, which consisted primarily of group shots, and the defendant appeared multiple times in the series of photographs. Simmons, 390 U.S. at 385. Here, the witnesses were not repeatedly exposed to the defendant's image in multiple photographs. And, in any event, while the Supreme Court commented that the identification procedure used in that case may have fallen short of the ideal, it held that the identification procedure neither denied the defendant due process of law nor required reversal of his conviction. Id. at 385-86.

C.  The Court Should Permit In-Court Identifications by Trial Witnesses Who Viewed the Photographic Arrays

Even if a pretrial identification is deemed unduly suggestive, in-court identifications may proceed if they are "independently reliable" and not the product of the earlier identifications. United States v. Maldonado-Rivera, 922 F.2d 934, 973-74 (2d Cir. 1990); see also Manson v. Brathwaite, 432 U.S. 98, 114 (1977) (noting that "reliability is the linchpin in determining the admissibility of identification testimony"). In Neil v. Biggers, 409 U.S. 188 (1972), the Supreme Court listed several factors courts should consider in determining the independent reliability of an in-court identification: "[a] the opportunity of the witness to view the criminal at the time of the crime, [b] the witness' degree of attention, [c] the accuracy of the witness' prior description of the criminal, [d] the level

of certainty demonstrated by the witness at the confrontation, and [e] the length of time between the crime and the confrontation."  409 U.S. at 199-200; accord Manson v. Brathwaite, 432 U.S. at 114.  Identifications by accomplices or co-conspirators are generally deemed more reliable than victim or law enforcement identifications because the witness generally had longer exposure to the defendant and was not in distress at the time.  See United States v. Marchand, 564 F.2d 983, 985-86 (2d Cir. 1977) (accomplice identification tends to be inherently more reliable than identification by victim or law enforcement officer who sees perpetrator for only a short time).

In this case, the government's witnesses who are expected to identify defendants Malachi Burris and Courtney Beckford at trial are former FedEx drivers who diverted packages to these defendants in the course of the fraud scheme.  The witnesses' identifications of these defendants are based on their repeated contact with the defendants in broad daylight over a substantial period of time.  Such identifications at trial can by no means be considered the product of exposing the witnesses to photographic arrays for no more than a couple of minutes more than two years prior to trial.  The Court should therefore deny defendant Malachi Burris's motion as regards the preclusion of in-court identifications by witnesses who viewed the photographic arrays.

D.   The Court Should Deny the Request for a Hearing

Malachi Burris claims that the photographic array used to identify his client was suggestive, but does not claim that the procedures surrounding the presentation of the photographic array were otherwise improper.  Barring any indication that the procedures used were improperly suggestive, a pretrial hearing is not warranted. See United States v. Swain, 2011 WL 4348142, *7 (S.D.N.Y. Aug. 16, 2011)(denying such a hearing; collecting cases).  Indeed, there is no "per se rule compelling" a trial court to hold a hearing "in every case" concerning "the admissibility of identification evidence."  Watkins v. Sowders, 449 U.S. 341, 349 (1981).

E.   Conclusion

      For the reasons set forth above, defendant Malachi Burris's motion to suppress, or in the alternative for further disclosures and a hearing, should be denied in its entirety.

                Respectfully submitted,

                LORETTA E. LYNCH
                United States Attorney

        By:   /s/ Karin Orenstein
              Karin Orenstein
              Douglas M. Pravda
              Assistant U.S. Attorneys
              (718) 254-6188/6268

cc:  Clerk of Court (DLI)(by ECF)
     Defense counsel of record (by ECF)