**LAWRENCE MARK STERN, Attorney at Law**
100 Hudson Street, #6A, New York, New York 10013
212-925-6863   fax  212-925-6850   lmstern@verizon.net
_____

January 3, 2012

Hon. Dora L. Irizarry
United States District Court          Re: US v. Beckford, S. Burris, M. Burris
Eastern District of New York                    Defendants
225 Cadman Plaza East                           09-525 DLI
Brooklyn, New York 11201
Dear Judge Irizarry,

      We write on the eve of the jury selection in the above referenced trial to request an adjournment of the trial. This request is necessitated by our inability to adequately prepare a defense due to the time constraints resulting from the timing of several government disclosures.

Voice Attributions

      On December 15,2011 the government first identified the calls and corresponding transcripts that they seek to introduce. On many of the transcripts there were incomplete or no voice attributions. Counsel was informed on December 30,2011, for the first time that the Government will seek to offer voice identifications of Sam and Malachi Burris by one or more  cooperating witness who either spoke to them on the phone or in person.
      In the case against the Burris brothers , the government alleges that it will prove that Sam is  the person "Jackie" speaking on a call arranging for pickups of cellphones from a Fed Ex driver and is the person referred to on  calls by Malachi who is also attempting to make those arrangements. The government claims that a cooperating witness or witnesses who have spoken to "Jackie" ( Sam) and Malachi  over the phone will make the voice identifications.
      Immediately upon this disclosure and reviewing the calls with our clients(who dispute the attributions) we determined that it was critical and essential to our defense to engage a voice or patois expert to perform voice exemplars and examine the calls in question and if necessary testify. A nation wide search was commenced and the files were electronically sent to the only company that stated that they might be in  a position to satisfy our request. Due to the intervening holiday(not through any lack of effort by counsel) we have been unable to ascertain the status of our pending request or source an alternative resource.

The accuracy of these voice attributions are critical to the defense, and without a full and complete investigation for evidence to refute these new allegations, our clients may be unfairly convicted on the word of cooperating witnesses alone. The revelation of the voice attributions requires a new formulation of the defense to response to the new theory of prosecution and method of proofs.

### 3500 Material

In accordance with Your Honor's schedule the government turned over the first wave of 3500 material on December 28,2011. The material is voluminous; consisting of excel spread sheets and hundreds of emails spanning several years of the fraud investigation. Despite counsels familiarity with the case. it has been an impossible task to understand ,analyze and digest the complex material in the allotted time to meaningfully utilize it in our defense, and more such materials are being produced on almost a daily basis now. For example, on December 27, defendants received a packet of materials including a cd with several separate files of spreadsheets from telephone and insurance companies and hardcopies of Cablevision records, and on January 1 we received an e-mail attaching 5 pages extracted from a 4000 page document found in a coconspirator's residence. Most of these spreadsheets, charts, and computer generated documents are incomprehensible on their face, containing technical words and abbreviations that require conferences with the government to discern meaning and relevance.

### Cooperating witness homicide investigation

Outstanding is the defense request for the information necessary to investigate the homicide possibly committed by a cooperating witness. The request is part of the in limine motions. Even if the Court orders the disclosure, additional time will be necessary to conduct the investigation. The government first revealed the homicide in its motion to preclude defense questioning, made without particulars of the homicide, in December, only a month before the trial date.

We respectfully request the opportunity to be heard on this request prior to the commencement of jury selection. We also request that this letter be filed ex parte because it contains matters pertaining to the defense case, and we request to be heard by the Court ex parte for the same reason.

Thank you for your attention.

Respectfully,

_____
GARY VILLANUEVA, ESQ.
Attorney for Courtney Beckford


_____
LAWRENCE MARK STERN
Attorney for Malachi Burris


_____
JAMES ROTH
Attorney for Samuel Burris