GARY S. VILLANUEVA

ATTORNEY AT LAW
11 PARK PLACE, SUITE 1601
New York, New York 10007
(212) 219-0100

---

Fax (212) 219-3701

June 6, 2012

By ECF & Facsimile Transmission

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Courtney Beckford,
    09 Cr. 525(S-1)-01 (DLI)

Dear Judge Irizarry:

Along with Gary S. Villanueva, I represent Courtney Beckford in the above-captioned matter. In preparation for sentencing, we respectfully request that the Court take into consideration Mr. Beckford's age, his personal and familial obligations, his charitable contributions to the less fortunate, his extensive employment history, his health and his character, as expressed in the 16 letters submitted on his behalf, in deciding a reasonable sentence that is "sufficient but not greater than necessary" to satisfy the goals of sentencing as codified in 18 U.S.C. § 3553(a).

Mr. Beckford has no substantive objections to the calculations contained in the Pre-sentence report.[1] He acknowledges his guilt, expresses remorse for his actions and is ready to accept whatever punishment the Court imposes.

I. Introduction

---

[1] There are two minor factual corrections to the PSR. Mr. Beckford denies ever living in Pittsburgh, or Carnegie Pennsylvania, Roanoke, Virginia, Miramar, Florida or Maryland as indicated in paragraph 79 of the PSR. Mr. Beckford was hospitalized 30 days rather than 3 days for the injury described in paragraph 86 of the PSR.

Hon. Dora L. Irizarry
Page 2
June 6, 2012

Courtney Beckford entered a guilty plea, without the benefit of a plea agreement prior to the commencement of trial. He has no prior criminal record, is an active and involved father of three children and is unique, in continuing to support his college student step-daughter, even though he is no longer involved with her mother. But it is his life-long commitment to the children and elderly in his native Jamaica that distinguishes Courtney Beckford. As expressed in the many letters submitted on his behalf, Courtney donates money, computers, televisions, books and time to schools in Jamaica. He is a role model whose contributions are helping to expose the students to learning and opportunity through new technologies. It is not surprising that he is the primary supporter and care provider for his both his 82 year old mother and his legally blind domestic partner. Despite his criminal conduct, Courtney Beckford has demonstrated a sustained commitment to others throughout his life.

   II. History and Characteristics under 18 U.S.C. § 3553 (a)

   A. FAMILY BACKGROUND

Courtney H. Beckford, a 52 year old naturalized citizen, immigrated to the United States from rural Jamaica, West Indies in 1989 when he was twenty-nine years old. Courtney is from a large family. His father, Isaiah toiled as a subsistence farmer, who worked a second job as a construction laborer to help support the family. Emily, Courtney's mother, owned and operated a small local store. Seeking better economic opportunities that were not available in Jamaica, Emily Beckford left the family and immigrated to the United States to work. Mrs. Beckford worked as a housekeeper, sending money to Courtney and his seven siblings who were left in their father's care. Mrs. Beckford encouraged several of her children, including Courtney, to immigrate to the United States and subsequently sponsored their legal immigration.

   B. FAMILIAL RESPONSIBILITIES

Courtney Beckford's mother Emily, now 82 years of age lives in a senior citizen housing complex in Brooklyn, New York. She suffers from several chronic health problems including high blood pressure and short-term memory deficits. Due to her deteriorated physical health, Courtney accompanies his mother to her doctors' appointments

Hon. Dora L. Irizarry
Page 3
June 6, 2012

and performs errands on her behalf, PSR at ¶ 71.

As noted in both the PSR and in her attached letter, Courtney Beckford cares for his live-in partner, Carol Gabbidon. Like his mother, Ms. Gabbidon also has several serious medical problems. Sadly, after the filing of the PSR, Ms. Gabbidon was declared legally blind by her doctor, Exhs. A & B. Although she has provided financial support to Mr. Beckford in the past, she now requires assistance with her daily living activities, a burden that Courtney shoulders without complaint, PSR at ¶ 76. Antoinette Reid, Courtney Beckford's "step-daughter", the child of a previous girlfriend, also resides with him and Ms. Gabbidon while she attends college, PSR at ¶ 77. In addition to these substantial obligations, Mr. Beckford also parents and nurtures his eleven and fifteen year old daughters. Visiting with his daughters daily, Courtney drives both to school and has custody on weekends. As noted, he diligently monitors the cardiac problems of his oldest daughter, who had a pace maker implanted two years ago at age 13, PSR at ¶ 75.

   C. Charitable Contributions

In the seventeen character letters submitted by School and Community officials from Jamaica, W.I., the Bishop of his church, his former employer, co-workers, his landlord, family members, neighbors and friends, a portrait emerges of a man who has attempted to improve the lives of the children and elderly in his communities. As noted in the letter of the Altheia M. Simmonds, the principal of Hazard Primary School and Special Education Unit, Courtney has donated money, and resources to the school, Exh C. The impact of his charitable contributions are echoed by Ms. Esmie Lyn Watson of the Rosewell District, Clarendon, Jamaica, who gushes over the computers, televisions and other gifts Courtney has presented over the years to help the students from his alma mater, Exh. D.

But it is not just Jamaican children who are the beneficiaries of Courtney's commitment to young people. Bishop Robert Croll of the Bethel United Zion Church describes how Courtney initiated a youth program in the Church for which he is now the director. Although it is a small program, it is just another example of his commitment to young people, Exh. E.

Hon. Dora L. Irizarry
Page 4
June 6, 2012

As the character letters make plain Courtney Beckford is equally concerned with the elderly. Ms. Maureen Darlin states that Courtney's financial support for the senior citizens has allowed them to participate in numerous activities. Furthermore, she states that "[h]is contributions are of great significance to us as well as the wider community." His generosity has had a ripple effect that goes far beyond the value of a few dollars and cents, Exh. F. Being keenly aware of the vulnerability of the young and old, Courtney contributes in making lives more livable by sending basic necessities such as clothes and food.

It is difficult to quantify the impact a person can have on a community. Warren Briscoe, a friend who has known Courtney Beckford for over 30 years helps us measure Courtney's impact on his community. He describes a community whose members cried when Courtney immigrated to the United States. Through his charitable contributions Courtney has never forgotten the people of Clarendon parish, Exh. G.

   D. EMPLOYMENT

Courtney Beckford has worked steadily since he graduated high school in St. Catherine, Jamaica in 1977. Often working two jobs as he did in Jamaica: working as a self-employed electrician while also managing his mother's store. After working in both jobs for over a decade, Courtney Beckford immigrated to the United States for better employment opportunities (PSR at ¶ 97, 98). Upon his arrival, he took any available position, working a couple of low paying jobs in 1989 and 1990 until he was injured in a work related accident in 1990. Badly burned, Courtney was hospitalized thirty days and had skin graft surgery to cosmetically repair his right ankle and foot (PSR at ¶ 86).

After recovering from his injuries, Courtney Beckford found employment with J.E.M. Realty as a maintenance worker, a job he held for fourteen years, Exh. H. He worked for them from 1991 to 2005 when J.E.M. sold their buildings and went out of business. Since 2005, Courtney Beckford has worked a number of temporary and/or low paying jobs to make ends meet. He even started a house painting and handyman business, unfortunately his lack of a customer base forced him to seek outside employment. Currently Beckford works part-time, four hours a day, for Spotless Cleaning Company, headquartered in

Hon. Dora L. Irizarry
Page 5
June 6, 2012

Yonkers, New York.

Having a love of technology, Courtney is a self-taught computer repairer and programmer, supplementing his interest with several computer classes. He uses his skills to repair and salvage computers for resale to neighborhood families who do not have the financial means to buy new computers. Also, as noted in Section C above, Courtney has donated refurbished computers to schools in Jamaica.[2]

   D. PERSONAL HEALTH

Mr. Beckford suffers from hypertension, chronic headaches, high cholesterol and obesity. He is scheduled to see a neurologist for the headaches. Courtney also attends physical therapy for injuries to his lower back, knee and neck, injuries he received in a March 2010 car accident. The afore-mentioned burn injury to his right ankle and foot makes it difficult for him to stand for extended periods of time.

   E. Criminal Conduct

Courtney Beckford's involvement in the conspiracy was primarily that of a runner who picked up and dropped off fraudulently obtained devices. He was not a principal or organizer nor did he supervise other participants in the scheme. Although his role was limited, it is important to note that Mr. Beckford has never indicated that he is less than responsible for his actions. He has never pointed to his background or his family circumstances, or his loss of employment as an excuse for his criminal behavior.

As stated in the Pre-Sentencing report Mr. Beckford did not hold a position of authority in the conspiracy, PSR ¶¶ 20, 33. Accordingly, no aggravating or mitigating role adjustments are warranted. In

---

[2] The government is not suggesting that Mr. Beckford's used his ability to repair and program computers to access AT&T subscriber information in furtherance of the fraud. In fact, the government concedes that the computer hard drives recovered from Mr. Beckford home did not contain any evidence and had no connection to the fraud in this case. Lastly, in Malachi Burris sentence submission and in ¶ 22 of PSR, email addresses were allegedly found in Mr. Beckford's luggage during the September 13, 2008 border search. It is curious that the government indicated for almost two years during the pendency of the matter that the emails addresses were found in one of Burris' brothers luggage. It was only a few weeks before trial that the government repositioned the email addresses to Mr. Beckford. In any event, the circumstances and time constraints of the search would fairly indicate that the search was rushed with only a limited amount of time to go through and inventory the items of a number of pieces of luggage.

Hon. Dora L. Irizarry
Page 6
June 6, 2012

addition, it should be noted that Mr. Beckford has no criminal history. While the Probation report did not deduct the customary three points for adjustment for acceptance of responsibility because the plea was right before trial, Mr. Beckford's plea did save resources that were put to better use.  Accordingly, Mr. Beckford is asking for the additional point under Guideline 3E1.1(a).

   F. Conclusion

As noted in paragraph 78 of the PSR Courtney Beckford is embarrassed and ashamed by actions.  Even with all the good will he has earned both here and in Jamaica he knows he has let his family and community down.  In addition to the punishment the Court will mete out Courtney Beckford must also learn live with the damage he has caused himself.

Having entered guilty pleas to two counts, neither of which carry a mandatory minimum sentence, Courtney Beckford respectfully requests a reasonable sentence that takes into account his familial and personal obligations, his age, a life time of charitable contributions to the less fortunate, his character and his employment history, in determining a reasonable sentence that is sufficient but not greater than necessary to satisfy the goals of sentencing as codified in 18 U. S. C. § 3553(a).

Thank you for your consideration in this matter.

Respectfully submitted,

By: /s/Verena C. Powell
Gary S. Villanueva

cc: A.U.S.A. Karin K. Orenstein (By email)
    Mary Ann Betts, Senior United States Probation Officer
    (By email)
    Courtney H. Beckford (By Hand)

Additional Exhibits
-------------------

Exh. I - Letter from Garrick Ellis, dated April 16, 2012
Exh. J - Letter from Joshua Clouden, dated April 4, 2012
Exh. K - Letter from Seymour Nierenberg, dated April 16, 2012
Exh. L - Letter from Michael Sutherland, dated April 10, 2012
Exh. M - Letter from Devon Cole, dated April 16, 2012
Exh. N - Letter from Madge Thomas, dated March 21, 2012
Exh. O - Letter from Michelle William, dated March 31, 2012
Exh. P - Letter from Allison Taylor Robinson, dated May 1, 2012
Exh. Q - Letter from Andrea Williams, dated April 18, 2012
Exh. R - Medical record of Courtney Beckford from Dr. Mark Krotowski, dated 2012